UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CHARLES EUGENE PRITCHETT,** ) | |
| ) | |
| Movant/Defendant, ) | |
| ) | **Case Numbers:** |
| vs. ) | **2:16-cv-8113-CLS** |
| ) | **2:05-cr-0135-CLS-JHE** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM OPINION**

This action is before the court on the motion to vacate, set aside, or correct sentence, filed pursuant to 28 U.S.C. § 2255 by Charles Eugene Pritchett.[1] In the underlying criminal case, Pritchett pleaded guilty to one count of conspiracy to commit robbery of a controlled substance, in violation of 18 U.S.C. § 2118(d) (Count One); one count of robbery of a controlled substance, in violation of 18 U.S.C. § 2118(a) and (c)(1) (Count Two); one count of carrying or using a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1) (Count Three); and, one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (Count Four). He was sentenced on October 3, 2005, to imprisonment for

---

[1] *See* doc. no. 1 in case no. 2:16-cv-8113-CLS.

a term of 125 months as to Counts One, Two, and Four, separately and concurrently, and 240 months as to Count Three, to be served consecutively to the sentence imposed for Counts One, Two, and Four. The total sentence was 365 months.[2]

A § 2255 motion must be filed within one year of the latest of the following occurrences:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

Pritchett's conviction and sentence became final no later than July 27, 2006, ninety days after the Eleventh Circuit affirmed the conviction on April 27, 2006.[3] *See Kaufmann v. United States*, 282 F.3d 1336, 1338 (11th Cir. 2002) ("[E]ven when a

---

[2] *See* doc. no. 50 in case no. 2:05-cr-0135-CLS-JHE (Judgment in a Criminal Case (For Offense(s) Committed On or After November 1, 1987)), at 1-2.

[3] *See* doc. no. 87 in case no. 2:05-cr-0135-CLS-JHE (Eleventh Circuit Mandate).

prisoner does not petition for *certiorari*, his conviction does not become 'final' for purposes of § 2255(1) until the expiration of the 90-day period for seeking *certiorari*.") (alteration supplied). That was more than ten years before Pritchett filed his § 2255 motion on June 27, 2016. Even so, Pritchett argues that his motion was timely because it was filed within a year of the Supreme Court's decision in *Johnson v. United States*, – U.S. – , 135 S. Ct. 2551 (2015), which, he says, newly recognized the right he asserts in his motion.

It is well-established that the *Johnson* decision announced a new rule that is retroactive to cases on collateral review, thereby allowing potential § 2255 movants one year from the date of that decision to assert their arguments. *See*, *e.g.*, *Beeman v. United States,* 871 F.3d 1215, 1219 (11th Cir. 2017). Unfortunately for Pritchett, however, the claim he asserts is not of the same type that was newly recognized in the *Johnson* decision.

*Johnson* invalidated, as unconstitutionally vague, the so-called "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii), which provides sentencing enhancements for persons who are convicted of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g), and who also have three prior convictions for "violent felonies." *Johnson,* 135 S. Ct. at 2563. That holding does not help Pritchett, because Prichett's § 2255 motion does not challenge the sentence he received for his 18 U.S.C. § 922(g)

conviction (Count Four). Instead, Pritchett argues that his *other* federal convictions (for robbery of a controlled substance and conspiracy to commit robbery of a controlled substance) are not "crimes of violence" under 18 U.S.C. § 924(c)(1), which allows for an enhanced sentence when the offender uses a firearm while committing a "crime of violence." That is not a claim that was newly recognized by the *Johnson* decision. *See Ovalles v. United States*, 905 F.3d 1231, 1252-53 (11th Cir. 2018) (holding that § 924(c)(3)(B) was not unconstitutionally vague under either *Johnson* or the Supreme Court's subsequent decision in *Sessions v. Dimaya*, – U.S. –, 138 S. Ct. 1204, 1214 (2018)).[4] Therefore, regardless of the merits of Pritchett's assertions, his motion cannot succeed because it is untimely.

In accordance with the foregoing, Pritchett's § 2255 motion is due to be denied. An appropriate final judgment will be entered contemporaneously herewith.

DONE this 26th day of November, 2018.

_____
United States District Judge

---

[4] Pritchett as much as acknowledges that he is not presenting a *Johnson* claim. *See* doc. no. 15 in case no. 2:16-cv-8113-CLS (Petitioner's Final Response to Government's Rebuttal Motion), at 1 (conceding "that Ovalles, as decided by the 11th Circuit sitting en banc, upholds the 'risk of force clause' of § 924(c)(3)(B) and effectively forecloses any 'void for vagueness' challenges to said statute.").